UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-24920-CV-WILLIAMS

FANATICS, LLC,

    Plaintiff,

v.

THE INDIVIDUALS, BUSINESS ENTITIES,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

# ORDER

**THIS MATTER** is before the Court on Chief Magistrate Judge Jonathan Goodman's Report and Recommendations ("***Report***") (DE 14) on Plaintiff's *Ex Parte* Motion for Entry of Temporary Restraining Order and Preliminary Injunction (DE 10) ("***Motion***"). In the Report, Judge Goodman recommends that the Court grant Plaintiff's Motion in part. (DE 14 at 2.) Specifically, Judge Goodman finds that "Plaintiff has met the necessary Fed. R. Civ. P. 65(b) requirements for purposes related to **only** the temporary restraining order" but recommends that the "District Court should **not** enter a preliminary injunction against Defendants until Plaintiff provides them with the required notice, including the opportunity to respond and be heard." (*Id.* at 5, 6.) Judge Goodman further recommends that the Court grant Plaintiff's *ex parte* request for injunctive relief against Defendants. (*Id.* at 12.) No objections were filed to the Report, and the time to do so has passed.[1]

---

[1] Although no objections were made to the Report, the Court notes that Plaintiff is proceeding *ex parte* at this stage of the action. Plaintiff also filed a Proposed Order Adopting Magistrate Judge's Report and Recommendations. (DE 16.)

Upon a careful review of the Report, the Motion, the record, and the applicable law, it is **ORDERED AND ADJUDGED** as follows:

1. Chief Magistrate Judge Goodman's Report (DE 14) is **AFFIRMED AND ADOPTED.**

2. Plaintiff's Motion (DE 10), as it pertains to the requested Temporary Restraining Order, is **GRANTED.** A Temporary Restraining Order is **ENTERED** against Defendants identified on Schedule "A" hereto as follows:

    (1) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby temporarily restrained as follows:

    a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products or services using the Fanatics Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and

    b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by the Plaintiff, using the Fanatics Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products using the Fanatics Marks, or any confusingly similar trademarks;

    (2) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue the use of the Fanatics Marks, or any confusingly similar trademarks, on or in connection with all Internet websites and domain names owned and operated, or controlled by them, including the Internet websites operating under the Subject Domain Names;

    (3) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having

notice of this Order shall immediately discontinue the use of the Fanatics Marks, or any confusingly similar trademarks on e-commerce marketplace platforms, within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Internet websites registered, owned, or operated by any Defendant, including the Internet websites operating under the Subject Domain Names;

(4)   Each Defendant shall not transfer ownership of the Internet websites operating under the Subject Domain Names during the pendency of this action, or until further Court order;

(5)   Each Defendant shall preserve copies of all computer files relating to the use of any of the Subject Domain Names and shall take all steps necessary to retrieve computer files relating to the use of the Internet websites operating under the Subject Domain Names that may have been deleted before the entry of this Order;

(6)   Upon Plaintiff's request, the privacy protection service for any of the Subject Domain Names for which the registrant uses such privacy protection service to conceal the registrant's identity and contact information is ordered to disclose to Plaintiff the true identities and contact information of those registrants;

(7)   Upon entry of this Order, Plaintiff shall provide a copy of the Order by email to the registrar of record for each of the Subject Domain Names. Upon receipt of the Order, the registrar of record for each of the Subject Domain Names shall immediately lock each of the Subject Domain Names; and shall provide notice of the locking of the domain names to the

3

registrant of record. After providing such notice to the registrars so the domain names may be locked, Plaintiff shall also provide notice and a copy of this Order to the registrant for each Subject Domain Name via email to the email address provided as part of the domain registration data for each of the Subject Domain Names identified in the Application. If an email address was not provided as part of the domain registration data for a Subject Domain Name, Plaintiff shall provide notice and a copy of this Order to the operators of the Internet websites via an onsite e-mail address and/or online contact form provided on the Internet websites operating under such Subject Domain Names. Forty-eight (48) hours after e-mailing this Order to the registrars of record and the registrants, Plaintiff shall provide a copy of this Order to the registrars and the registries for the Subject Domain Names for the purposes described in Paragraph 8, below;

(8)     The domain name registrars for the Subject Domain Names shall immediately assist in changing the registrar of record for the Subject Domain Names, and any other domain names that Defendants own and operate, or control, including the domain name identified on Schedule "B,"[2] to a holding account with a registrar of Plaintiff's choosing (the "New Registrar"), excepting any such domain names which such registrars have been notified in writing by Plaintiff have been or will be dismissed from this action, or as to which Plaintiff has withdrawn its request to immediately transfer such domain names. To the extent the registrars do not assist in changing the registrar of record for the domains under their respective control within one business day of receipt of this Order, the top-level domain (TLD) registries for the Subject Domain Names or their administrators, including backend registry operators or administrators, within five business days of receipt of this Order, shall change,

---

[2] Defendant Number 3's primary domain name is identified on Schedule "B" for the purpose of effectuating the relief herein.

or assist in changing, the registrar of record for the Subject Domain Names, including the domain name identified on Schedule "B," to a holding account with the New Registrar, excepting any such domain names which such registries have been notified in writing by Plaintiff have been or will be dismissed from this action or as to which Plaintiff has withdrawn its request to immediately transfer such domain names. Upon the change of the registrar of record for the Subject Domain Names, the New Registrar will maintain access to the Subject Domain Names in trust for the Court during the pendency of this action. Additionally, the New Registrar shall immediately institute a temporary 302 domain name redirection which will automatically redirect any visitor to the Subject Domain Names to the following Uniform Resource Locator ("URL") http://servingnotice.com/fan2rA/index.html, whereon copies of the Complaint and all other documents on file in this action shall be displayed. Alternatively, the New Registrar may update the Domain Name System ("DNS") data it maintains for the Subject Domain Names, which link the domain names to the IP addresses where their associated websites are hosted, to 45.63.17.51, which will cause the domain names to resolve to the website where copies of the Complaint, this Order, and all other documents on file in this action shall be displayed. After the New Registrar has effected this change, the Subject Domain Names shall be placed on lock status by the New Registrar, preventing the modification or deletion of the domains by the New Registrar or Defendants;

(9)     This Order shall apply to the Subject Domain Names, associated websites, and any other domain names or websites which are being used by Defendants for the purpose of counterfeiting the Fanatics Marks and/or unfairly competing with Plaintiff;

(10)    As a matter of law, this Order shall no longer apply to any Defendant or associated domain name dismissed from this action or as to which Plaintiff has withdrawn its request for a temporary restraining order;

(11)    This Order shall remain in effect until the date for the hearing on the Motion for Preliminary Injunction set forth below, or until such further dates as set by the Court or stipulated to by the parties;

(12)    Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice;

(13)    Pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules for the Southern District of Florida, a **HEARING** is set and the request for a preliminary injunction is **REFERRED** to Chief Magistrate Judge Goodman for a report and recommendation. **The hearing is set before Judge Jonathan Goodman via videoconference on March 24, 2025, at 3:00 p.m. EST**, at which time Defendants and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and the Court will hear argument on Plaintiff's requested preliminary injunction.

(14)    **SERVICE:** Plaintiff shall serve a copy of the Complaint, the Application for Temporary Restraining Order, the Report and Recommendations, and this Order at least **seven (7) days** before the preliminary injunction hearing date, on each Defendant via

their corresponding e-mail and/or online contact form or other means of electronic contact provided on the websites operating under the respective Subject Domain Names, or by providing a copy of this Order by e-mail to the registrars of records for the Subject Domain Names, or by other means reasonably calculated to give notice which is permitted by the Court. In addition, Plaintiff shall post a copy of the Complaint, the Application for Temporary Restraining Order, this Order, and all other documents filed in this action on the website located at http://servingnotice.com/fan2rA/index.html, and shall provide the address to the website to Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof. Plaintiff is **required** to file Certificates of Service on CM/ECF once service is complete. Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the website located at http://servingnotice.com/fan2rA/index.html, or by other means reasonably calculated to give notice which is permitted by the Court;

(15)   **Any response or opposition** to Plaintiff's Motion for Preliminary Injunction must be filed and served on Plaintiff's counsel **by March 17, 2025.** Plaintiff shall file any **reply memorandum on or before March 21, 2025.** The above dates may be revised upon stipulation by all parties and approval of this Court. **Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 15 U.S.C. § 1116(d), Fed. R. Civ. P. 65, The All Writs Act, 28 U.S.C. § 1651(a), and this Court's inherent authority.**

(16)   Upon entry of this Order, the Clerk is directed to **UNSEAL** Plaintiff's *Ex Parte* Motion for Entry of Temporary Restraining Order and Preliminary Injunction (DE 10) and related attachments.

(17)  This Order shall remain in effect for fourteen (14) days from the date of its entry unless extended for good cause. *See* Federal Rule of Civil Procedure 65(b).

**DONE AND ORDERED** in Chambers in Miami, Florida, on this <u>12th</u> day of March, 2025.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

## SCHEDULE "A"
## DEFENDANTS BY NUMBER AND SUBJECT DOMAIN NAME

| Def. No. | Defendant / Subject Domain Name |
|---|---|
| 1 | fanatlcsshop.com |
| 1 | nfljerseyvip.com |
| 2 | fanatichotshop.com |
| 2 | officialjerseysshop.com |
| 2 | fanaticsshop2025.com |
| 2 | jerseyshopofficial.com |
| 2 | nfljerseyshop2024.com |
| 3 | fanatics.afelicheinc.com |
| 4 | fanaticsjerseysalesonline.com |
| 5 | fanaticsjersey.co |
| 5 | fanaticstores.co |
| 6 | 2020jerseys.cn |
| 6 | shop.2020jerseys.cn |
| 7 | classicbrandjerseystore.com |
| 8 | christmasnflshop.com |
| 9 | glamourgowngallery.shop |
| 10 | jersey2024.com |
| 11 | jerseyfavorable.com |
| 11 | foryourjerseys.com |
| 12 | jerseynfl2024.com |
| 13 | jersey-tt.com |
| 14 | manyjerseys.com |
| 14 | searchjerseys.co |
| 14 | searchjerseys.shop |
| 15 | mlsjerseysberlin.de |
| 16 | proshop-seahawks.com |
| 17 | shop-atlantabraves.com |
| 18 | shop-chicagocubs.com |
| 19 | shop-cincinnatireds.com |
| 20 | shop-newyorkjets.com |
| 21 | shop-sandiegopadres.com |
| 22 | shop-seattleseahawks.com |
| 23 | stadiumsport.co |
| 23 | stadiumsport.store |
| 23 | stadiumsports.us |
| 23 | stadiumsport.us |
| 24 | superjerseyscheap.co |
| 24 | superjerseyscheap.ru |

| | |
|---|---|
| 25 | tamikoo.com |
| 26 | vipjerseyshop.com |
| 27 | wholesalenewjerseys.com |
| 27 | tiktokjerseys.com |
| 28 | bestjersey2024.com |
| 29 | jerseysforfans.com |
| 29 | usjerseymalls.com |
| 30 | bestjerseyfan.com |
| 31 | usjerseyfinds.com |
| 31 | fansatics.net |
| 31 | fansapparel.net |

**SCHEDULE "B"**
**<u>DEFENDANT NUMBER 3'S PRIMARY DOMAIN NAME</u>**

| Def. No. | Primary Domain Name |
|---|---|
| 3 | afelicheinc.com |