UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-24920-CV-WILLIAMS

FANATICS, LLC,

    Plaintiff,

v.

THE INDIVIDUALS, BUSINESS ENTITIES,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on Chief Magistrate Judge Jonathan Goodman's Report and Recommendations (DE 33) ("***Report***") on Plaintiff Fanatics, LLC's ("***Plaintiff***") Motion for Entry of a Preliminary Injunction (DE 10) ("***Motion***"). In the Report, Judge Goodman recommends that the Court grant Plaintiff's Motion. (DE 33 at 2, 10.) Specifically, Judge Goodman finds that "Plaintiff has successfully met each of the necessary elements for a preliminary injunction." (*Id.* at 10.) No objections were filed to the Report, and the time to do so has passed.

Upon a careful review of the Report, the Motion, the record, and the applicable law, it is **ORDERED AND ADJUDGED** as follows:

1. Judge Goodman's Report (DE 33) is **AFFIRMED AND ADOPTED.**

2. Plaintiff Fanatics LLC's Motion (DE 10), as it pertains to the requested Preliminary Injunction, is **GRANTED.** A Preliminary Injunction is **ENTERED** against Defendants identified on Schedule "A" hereto as follows:

(1) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order, are hereby enjoined and restrained until further order of the Court as follows:

  a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products and/or services using the Fanatics Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and

  b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by the Plaintiff, using the Fanatics Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products and/or services using the Fanatics Marks, or any confusingly similar trademarks.

(2) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the Fanatics Marks, or any confusingly similar trademarks, on or in connection with all Internet websites and domain names owned and operated, or controlled by them, including the Internet websites operating under the Subject Domain Names;

(3) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the Fanatics Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use

of such terms that are visible to a computer user or serves to direct computer searches to Internet websites registered, owned, or operated by any Defendant, including the Internet websites operating under the Subject Domain Names;

(4) Each Defendant shall not transfer ownership of the Internet websites operating under the Subject Domain Names during the pendency of this action, or until further Order of the Court;

(5) Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the Subject Domain Names and shall take all steps necessary to retrieve computer files relating to the use of the Internet websites operating under the Subject Domain Names that may have been deleted before the entry of this Order;

(6) Upon Plaintiff's request, the privacy protection service for any of the Subject Domain Names for which the registrant uses such privacy protection service to conceal the registrant's identity and contact information is ordered, to the extent not already done, to disclose to Plaintiff the true identities and contact information of those registrants;

(7) The registrars for the Subject Doman Names shall immediately, to the extent not already done, assist in changing the registrar of record for the Subject Doman Names, and any other domain names that Defendants own and operate, including the domain name identified on Schedule "B,"[1] to a holding account with a registrar of Plaintiff's choosing (the "New Registrar"), excepting any such domain names which such registrars have been notified in writing by Plaintiff have been or will be dismissed from this action, or as to which Plaintiff has withdrawn its request to immediately transfer such domain names. To the extent the registrars do not assist in changing the registrar of record for the domain names under

---

[1] Defendant Number 3's primary domain name is identified on Schedule "B" for the purpose of effectuating the relief herein.

their respective control within one business day of receipt of this Order, the top-level domain (TLD) registries for the Subject Domain Names or their administrators, including backend registry operators or administrators, within five business days of receipt of this Order, shall change, or assist in changing the registrar of record for the Subject Domain Names, including the domain name identified on Schedule "B," to a holding account with the New Registrar, excepting any such domain names which such registries have been notified in writing by Plaintiff have been or will be dismissed from this action or as to which Plaintiff has withdrawn its request to immediately transfer such domain names. Upon the change of registrar of record for the Subject Domain Names, the New Registrar will maintain access to the Subject Domain Names in trust for the Court during the pendency of this action. Additionally, the New Registrar shall immediately institute a temporary 302 domain name redirection which will automatically redirect any visitor to the Subject Domain Names to the following Uniform Resource Locator ("URL") http://servingnotice.com/fan2rA/index.html, whereon copies of the Amended Complaint, this Order, and all other documents on file in this action shall be displayed. Alternatively, the New Registrar may update the Domain Name System ("DNS") data it maintains for the Subject Domain Names, which link the domain names to the IP addresses where their associated websites are hosted, to 45.63.17.51, which will cause the domain names to resolve to the website where copies of the Amended Complaint, this Order, and all other documents on file in this action shall be displayed. After the New Registrar has effected this change, the Subject Domain Names shall be placed on lock status by the New Registrar, preventing the modification or deletion of the domains by the New Registrar or Defendants;

(8) This Order shall apply to the Subject Domain Names, associated websites, and any other domain names or websites which are being used by Defendants for the purpose of counterfeiting the Fanatics Marks and/or unfairly competing with Plaintiff;

(9) As a matter of law, this Order shall no longer apply to any Defendant or associated domain name dismissed from this action or as to which Plaintiff has withdrawn its request for a preliminary injunction;

(10) Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall maintain its previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice;

(11) This Order shall remain in effect during the pendency of this action, or until such further date as set by the Court or stipulated by the parties.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this 11th day of April, 2025.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

## SCHEDULE "A"
## DEFENDANTS BY NUMBER AND SUBJECT DOMAIN NAME

| Def. No. | Defendant / Subject Domain Name |
|---|---|
| 1 | fanatlcsshop.com |
| 1 | nfljerseyvip.com |
| 2 | fanatichotshop.com |
| 2 | officialjerseysshop.com |
| 2 | fanaticsshop2025.com |
| 2 | jerseyshopofficial.com |
| 2 | nfljerseyshop2024.com |
| 3 | fanatics.afelicheinc.com |
| 4 | fanaticsjerseysalesonline.com |
| 5 | fanaticsjersey.co |
| 5 | fanaticstores.co |
| 6 | 2020jerseys.cn |
| 6 | shop.2020jerseys.cn |
| 7 | classicbrandjerseystore.com |
| 8 | christmasnflshop.com |
| 9 | glamourgowngallery.shop |
| 10 | jersey2024.com |
| 11 | jerseyfavorable.com |
| 11 | foryourjerseys.com |
| 12 | jerseynfl2024.com |
| 13 | jersey-tt.com |
| 14 | manyjerseys.com |
| 14 | searchjerseys.co |
| 14 | searchjerseys.shop |
| 15 | mlsjerseysberlin.de |
| 16 | proshop-seahawks.com |
| 17 | shop-atlantabraves.com |
| 18 | shop-chicagocubs.com |
| 19 | shop-cincinnatireds.com |
| 20 | shop-newyorkjets.com |
| 21 | shop-sandiegopadres.com |
| 22 | shop-seattleseahawks.com |
| 23 | stadiumsport.co |
| 23 | stadiumsport.store |
| 23 | stadiumsports.us |
| 23 | stadiumsport.us |

| | |
|---|---|
| 24 | superjerseyscheap.co |
| 24 | superjerseyscheap.ru |
| 25 | tamikoo.com |
| 26 | vipjerseyshop.com |
| 27 | wholesalenewjerseys.com |
| 27 | tiktokjerseys.com |
| 28 | bestjersey2024.com |
| 29 | jerseysforfans.com |
| 29 | usjerseymalls.com |
| 30 | bestjerseyfan.com |
| 31 | usjerseyfinds.com |
| 31 | fansatics.net |
| 31 | fansapparel.net |

## SCHEDULE "B"
## DEFENDANT NUMBER 3'S PRIMARY DOMAIN NAME

| Def. No. | Primary Domain Name |
|----------|---------------------|
| 3        | afelicheinc.com     |